UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 23-4537 PA (SKx) | Date | July 26, 2023 |
|---|---|---|---|
| Title | Juan Aguilar v. Roto-Rooter Services Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

  Before the Court is a Motion to Remand filed by plaintiff Juan Aguilar ("Plaintiff") (Docket No. 17).  Plaintiff challenges the propriety of the Notice of Removal filed by defendant Roto-Rooter Services Company ("Defendant" or "Roto-Rooter").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for August 7, 2023, is vacated, and the matter taken off calendar.

  The Notice of Removal filed by Roto-Rooter in this action on June 8, 2023, is the second time that Roto-Rooter has filed a Notice of Removal of Plaintiff's action.  Roto-Rooter filed its first Notice of Removal, filed in Case No. CV 23-1604 PA (SKx), on March 3, 2023.  In the prior case, the Court held a Status Conference on March 7, 2023, during which it examined whether the Notice of Removal had adequately alleged a basis for the Court's subject matter jurisdiction.  In the first Notice of Removal, Defendant alleged:  "Plaintiff is, and was at the time the Complaint was filed, a citizen of the State of California." (Notice of Removal ¶ 11.)  In support of that allegation, the Notice of Removal alleged:

> The Complaint alleges that at all times mentioned herein, Plaintiff resided in Los Angeles County.  See Hazany Decl. ¶ 2, Exhibit 1, Complaint ¶ 5.  The Complaint references time periods from June 2015 to January 2023.  See generally Complaint.  Further, Plaintiff states that he was employed by Defendant in Los Angeles County.  Hazany Decl., ¶ 2, Exhibit 1, Complaint ¶ 4.  A preponderance of the evidence demonstrates that as of the time the Complaint was filed and as of this removal, Plaintiff not only resided in California but was domiciled there.  Thus, Plaintiff is a citizen and resident of the State of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4537 PA (SKx) | Date | July 26, 2023 |
|---|---|---|---|
| Title | Juan Aguilar v. Roto-Rooter Services Co. | | |

(Notice of Removal ¶ 14.) As the Notice of Removal alleged, Defendant's support for its allegation concerning plaintiff's citizenship relied on Paragraph 5 of the Complaint, which alleged that plaintiff "was an individual residing in Los Angeles County, State of California." (Compl. ¶ 5.) Because an individual is not necessarily domiciled where he or she resides or is employed, the Court concluded that Defendant's allegation concerning the citizenship of plaintiff based on his residence or the site of his employment was insufficient to plausibly allege plaintiff's citizenship where the Complaint on which the Notice of Removal relies alleged only where plaintiff "resides" or "works."

At the status conference, Defendant's counsel was asked if Defendant had any evidence concerning plaintiff's citizenship and was given an opportunity to supplement the allegations in the Notice of Removal. Defendant proffered no additional sufficient facts or argument in support of the Court's exercise of subject matter jurisdiction over the action that provides evidence of anything other than plaintiff's residence. Plaintiff's counsel moved to remand the action to the Los Angeles County Superior Court based on Defendant's failure to adequately allege a basis for the Court's subject matter jurisdiction in the Notice of Removal. The Court granted Plaintiff's Motion to Remand.

Once the action was again pending in Los Angeles Superior Court, Defendant propounded discovery to Plaintiff. Plaintiff served his Responses to the discovery on May 25, 2023. Among those responses, Plaintiff admitted that he was a "citizen" of California. Asserting that Plaintiff's discovery response was a paper from which it was first ascertainable that the case was removable, Defendant filed the second Notice of Removal on June 8, 2023. Plaintiff's Motion to Remand contends that Defendant's second Notice of Removal does not adequately allege a basis for the Court's subject matter jurisdiction because it only establishes that Plaintiff is a citizen of California at the time he responded to the discovery and not at the time the action was filed and, additionally, that the second Notice of Removal is an impermissible attempt to offer additional evidence to prove what it should have proven when Defendant filed the first Notice of Removal.

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "Federal jurisdiction must be rejected if there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4537 PA (SKx) | Date | July 26, 2023 |
|---|---|---|---|
| Title | Juan Aguilar v. Roto-Rooter Services Co. | | |

is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, defendants must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000 both at the time of the filing of the action and at time of removal. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

"The defendant also has the burden of showing that it has complied with the procedural requirements for removal." See, e.g., Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In its second Notice of Removal, Defendant states that the second Notice of Removal is timely because was filed within 30 days of its receipt of Plaintiff's responses to Defendant's discovery requests, in which Plaintiff first admitted that he was a citizen of California. See Cioffi v. Solomon, No. C-14-04139-RMW, 2014 WL 6679555, at *2 (N.D. Cal. Nov. 21, 2014) (citing Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005)) ("Plaintiff's initial complaint did not trigger the first thirty-day window for removal because it only disclosed plaintiff's residency, not his citizenship. . . . Diversity jurisdiction is based on parties' citizenship, not residency. 28 U.S.C. 1332. The first thirty-day period only begins to run if the case stated by the initial pleading affirmatively reveals on its face the grounds for removal – in this case, complete diversity of citizenship.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4537 PA (SKx) | Date | July 26, 2023 |
|---|---|---|---|
| Title | Juan Aguilar v. Roto-Rooter Services Co. | | |

"[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint." 28 U.S.C. § 1446(b); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998). In Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005), the Ninth Circuit clarified that if an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered. "In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. (quoting 28 U.S.C. § 1446(b)(3)). Sworn discovery responses received from another party in the pending litigation constitute "other paper" within the meaning of 28 U.S.C. § 1446(b) from which a party may properly be put on notice that a case is or has become removable. See Riggs v. Continental Baking Co., 678 F.Supp. 236, 238 (N.D. Cal. 1998).

The Ninth Circuit does not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006). Therefore, in the Ninth Circuit, a defendant does not have a duty to investigate whether the matter is removable even where there may be a "clue" indicating that federal jurisdiction may exist. Harris, 425 F.3d at 696. Instead, the "notice of removability under 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Id. at 694. Because inquiries into the subjective knowledge of a defendant might result in a "mini-trial regarding who knew what and when," courts may only rely on the face of the initial pleading and the documents exchanged by the parties to determine when the defendant had notice of the grounds for removal. Harris, 425 F.3d at 695. This "bright-line approach" serves two purposes: (1) it "brings certainty and predictability to the process and avoids gamesmanship in pleading"; and (2) it "avoids the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." Id. at 697.

Because the Complaint only alleges where Plaintiff "resides," Defendant's receipt of Plaintiff's response to Defendant's Request for Admission, where Plaintiff for the first time admitted that he was a citizen of California, opened a 30-day window for Defendant to file the second Notice of Removal. The Court therefore rejects Plaintiff's contention that the second Notice of Removal was an impermissible second attempt to "prove" what Defendant failed to prove when it filed the first Notice of Removal. Defendant's second Notice of Removal was timely under 28 U.S.C. § 1446(b)(3).

The second Notice of Removal alleges that "Plaintiff is, and was at the time the Complaint was filed, a citizen of the State of California." (Notice of Removal ¶ 14.) Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4537 PA (SKx) | Date | July 26, 2023 |
|---|---|---|---|
| Title | Juan Aguilar v. Roto-Rooter Services Co. | | |

additionally alleges, based on Plaintiff's discovery responses admitting that Plaintiff is a California citizen, the Complaint's allegation that Plaintiff resides in California, and admission that all of the work he performed for Defendant during his employment with Defendant was performed in California, that a "preponderance of the evidence demonstrates that as of the time the Complaint was filed and as of this removal, Plaintiff not only resided in California, he was a citizen of California and intends to remain. Thus, Plaintiff is a citizen and resident of the State of California." (Id. ¶ 17.) In the Notice of Removal, Defendant need not, as Plaintiff argues, "prove" that Plaintiff was at the time of the filing of the action and at the time of removal a citizen of California. See Academy of Country Music, 991 F.3d at 1069 ("The district court erred as a matter of law in requiring that the notice of removal 'prove' subject matter jurisdiction instead of containing plausible allegations of the jurisdictional elements.").

The second Notice of Removal plausibly alleges that Plaintiff was at the time the action was filed, and at the time of removal, a citizen of California. To the extent Plaintiff's Motion to Remand triggers an evidentiary challenge, and Defendant has the burden to establish by a preponderance of the evidence that Plaintiff is a citizen of California, the Court notes that Plaintiff provided no evidence that he was not at all relevant times a citizen of California. Nor is there any evidence that Plaintiff is a citizen of Iowa or Ohio, where Defendant is incorporated and maintains its principal place of business. The Court therefore concludes that the preponderance of the evidence supports the conclusion that Plaintiff and Defendant are completely diverse and that the Court possesses diversity jurisdiction over this action. See, e.g., id. at 1068 (explaining that "where a defendant's assertion of the amount in controversy is challenged, then 'both sides submit proof and the court decides by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'") (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)).[1]

For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.

---

[1] Plaintiff does not dispute that the amount in controversy exceeds the jurisdictional minimum.